IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK04-82697-TJM |
| | ) | |
| JOHN NELSON GUDE and | ) | CH. 13 |
| DEBORAH CHRISTINE GUDE, | ) | |
| | ) | |
| Debtor(s). | ) | |

ORDER

Hearing was held in Omaha, Nebraska, on August 30, 2010, on the debtor's motion for contempt (Fil. #70) which requested an order finding Litton Loan Servicing LP violated the discharge order and this court's order entered at Filing #65 on February 19, 2010, and Filing #72, Objection, filed by Litton Loan Servicing LP. Dana Ulrich appeared for the debtors and Eric Lindquist appeared for Litton Loan Servicing LP.

A discharge was entered on September 18, 2009. Thereafter, the debtors filed a motion to determine a violation of the discharge order and a hearing was held. Based upon the evidence presented by Litton Loan Servicing, this court determined that all accounting concerns had been addressed and the loan being serviced by Litton was determined to be current.

Shortly after the court's order, the debtors experienced further issues with the mortgage lender, Litton Loan Servicing. They received one or more phone calls concerning late charges and fees of more than a thousand dollars which were charges incurred from 2003 and 2004. They requested a breakdown of the fees but the representative of Litton told them that they could view such information from the website. The debtors were then denied access to the information on the Litton website.

The April 2010 billing statement listed other fees due in the amount of $1,122.50. When the debtors contacted Litton by telephone to make their April 2010 mortgage payment, they were informed there were approximately $3,200 in attorney fees and court costs due Litton.

On April 21, 2010, the debtors contacted Litton and were quoted $3,157.50 for attorney fees and court costs.

The May 2010 billing statement showed other fees due in the amount of $3,157.50. On May 4, 2010, debtors contacted Litton and were informed that the fees were accumulated from 2003, 2004, 2005, 2007, 2009 and 2010, and were for attorney fees, civil litigation filing fees, house inspection, etc.

The debtors filed a motion to reopen their case, paying a filing fee, and requested this court to straighten the matter out.

In response, at Filing #72, Litton informed the court that on or about July 20, Litton sent a letter to the debtors informing them that the fees and costs in the amount of $3,187.50 were removed from their loan. Litton apologized for any inconvenience.

This is the second time Litton has caused grief to these debtors by asserting erroneous fees and expenses are due from the debtors to Litton. The first time, after evidence was presented at a hearing that it was all a big mistake and the Litton representatives apologized, the undersigned determined that no sanction should be imposed.

This time is different. Litton gives no explanation as to why the exact same thing happened only two to three months after the last order was entered. Apparently, there are fees and expenses lurking in the background which have now popped up twice and may pop up again in the future. Litton does not seem to have been able to straighten out their system, and representatives at the Litton offices do not seem to understand that a discharge has been entered and that they have absolutely no right to add additional charges that may have been lurking in the computer system for years. So, to remind Litton employees that their actions cause problems and are a violation of the law, I found at the hearing that Litton was in violation of the discharge order and that it should be sanctioned by a monetary judgment. I requested that counsel for the debtors submit an affidavit identifying actual expenses incurred by the debtors as a result of the actions of Litton. Filing #83 has now been submitted. The actual expenses are in the amount of $500, including $235 for the fee to reopen the bankruptcy case.

If similar problems arise in this case again, or after the case is once again closed, the sanctions against Litton will be much more than $500.00.

IT IS ORDERED THAT the Motion for Contempt, Filing #70, is granted, and a separate judgment in the amount of $500 shall be entered against Litton Loan Servicing, LP.

DATED:     September 22, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Dana Ulrich
    Eric Lindquist
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.